**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CESAR L. ROJO,<br><br> Plaintiff,<br><br>v.<br><br>CODILIS & ASSOCIATES, P.C.,<br><br> Defendant. | Honorable Robert W. Gettleman<br><br>Case No. 1:18-cv-08103 |

**INITIAL STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Procedures, the parties submit the following Initial Status Report.

**A. The date and time this matter is set for a status report before the Court.**

March 14, 2019 at 9:00 a.m.

**B. The attorneys of record for each party, including which attorney is expected to try the case.**

| | |
|---|---|
| Joseph S. Davidson<br>Mohammed O. Badwan<br>SULAIMAN LAW GROUP, LTD.<br>2500 South Highland Avenue<br>Suite 200<br>Lombard, Illinois 60148<br>+1 630-581-5450<br>+1 630-575-8180<br>jdavidson@sulaimanlaw.com<br>mbadwan@sulaimanlaw.com<br><br>*Counsel for Cesar L. Rojo* | David M. Schultz<br>Louis J. Manetti, Jr.<br>HINSHAW & CULBERTSON LLP<br>151 North Franklin Street<br>Suite 2500<br>Chicago, Illinois 60606<br>+1 312-704-3445<br>+1 312-704-3000<br>dschultz@hinshawlaw.com<br>lmanetti@hinshawlaw.com<br><br>*Counsel for Codilis & Associates, P.C.* |

**C. The basis for federal jurisdiction.**

Subject matter jurisdiction is conferred over Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claims by 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

1

**D.** **Whether a jury has been requested and by which party.**

A jury has been requested by Plaintiff.

**E.** **The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case, along with a description of any affirmative defenses.**

    1.    <u>Plaintiff</u>: Plaintiff alleges Defendant violated 15 U.S.C. § 1692e(5) by threatening sheriff's sale of Plaintiff's personal residence at time it was not legally possible – as Plaintiff made payments towards pre-petition default through Chapter 13 bankruptcy at same time as remaining current on post-petition payments to JPMorgan Chase Bank, N.A. Plaintiff further alleges Defendant violated 15 U.S.C. §§ 1692e(5) by mailing Notice of Sale, implying that sheriff's sale will proceed in spite of Plaintiff paying amount required to cure pre-petition default through Chapter 13 bankruptcy at same time as remaining current on post-petition payments to JPMorgan Chase Bank, N.A.

    2.    <u>Defendant</u>: Defendant denies that it is liable to the plaintiff for any violation of the FDCPA, and has alleged the affirmative defenses of lack of standing and bona fide error.

**F.** **The relief sought by any party, including computation of damages, if available.**

Plaintiff: As a result of Defendant's alleged violation(s) of 15 U.S.C. § 1692 *et seq*. Plaintiff is seeking (i) any actual damage, (ii) such additional damages as the court may allow, but not exceeding $1,000.00, and (iii) the costs of the action, together with reasonable attorney's fees as determined by the court.

Defendant: Defendant seeks its attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), if a determination is made that this action was brought in bad faith and for the purpose of harassment.

**G.** **The name of any party who or which has not been served, and any fact or circumstance related to non-service of process on such party.**

None.

**H.** **The principal legal issues.**

(1) Whether Defendant threatened to take any action that could not legally be taken or that was not intended to be taken? (2) Whether Defendant used false representations or

deceptive means to collect or attempt to collect any debt? (3) Whether Plaintiff suffered a concrete injury? (4) Whether any violation of the FDCPA was the result of a bona fide error despite procedures and policies reasonably adapted to avoid such an error.

I. **The principal factual issues.**

(1) Whether Plaintiff paid amount required to cure pre-petition default through Chapter 13 bankruptcy? (2) Whether Plaintiff remained current on post-petition mortgage payments during Chapter 13 bankruptcy case? (3) Whether Plaintiff sustained damages?

J. **A brief description of all anticipated motions.**

None.

K. **A proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff.**

1. **The general type of discovery needed;**

    Oral and written.

2. **A date to issue written discovery;**

    May 9, 2019.

3. **A date for the deadline for the amendment of pleadings;**

    July 8, 2019.

4. **A fact discovery completion date;**

    September 6, 2019.

5. **An expert discovery completion date;**

    Expert discovery will not likely be required.

6. **Electronically stored information.**

    The Parties do not believe that this case is suitable for electronic discovery, but are amenable to producing any electronically stored information in hard copy or in .pdf format as an initial matter. Once the Parties have had the opportunity to review such documents, the parties agree, if necessary, to confer regarding any additional exchange or production that the parties believe is necessary.

**L.      The earliest date the parties will be ready for trial and the length of the trial;**

January 20, 2020 is the earliest date the parties will be ready for trial. The parties expect the length of the trial to be 2-3 days.

**M.      The status of any settlement discussions and whether a settlement conference would be appropriate.**

Plaintiff and Defendant are engaged in settlement discussions and will continue to work in good faith to resolve the dispute between them.

**N.      Whether the parties will consent to trial before a magistrate judge;**

The parties do not consent to trial before a magistrate judge.

Date: March 6, 2019                                Respectfully submitted,

*/s/ Joseph S. Davidson*                            */s/Louis J. Manetti, Jr. (with consent)*

Joseph S. Davidson                                 David M. Schultz
Mohammed O. Badwan                                 Louis J. Manetti, Jr.
SULAIMAN LAW GROUP, LTD.                           HINSHAW & CULBERTSON LLP
2500 South Highland Avenue                         151 North Franklin Street
Suite 200                                          Suite 2500
Lombard, Illinois 60148                            Chicago, Illinois 60606
+1 630-581-5450                                    +1 312-704-3445
+1 630-575-8180                                    +1 312-704-3000
jdavidson@sulaimanlaw.com                          dschultz@hinshawlaw.com
mbadwan@sulaimanlaw.com                            lmanetti@hinshawlaw.com

*Counsel for Cesar L. Rojo*                         *Counsel for Codilis & Associates, P.C.*